UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 3:18-cr-00089-MMH-JRK

KATRINA BROWN,
      Defendant
_____/

## MOTION TO COMPEL *BRADY* MATERIALS AND EVIDENCE

The Defendant, Katrina Brown, by and through the undersigned attorney, and pursuant to *Kyles v. Whitley,* 514 U.S. 419 (1995), *Brady v. Maryland,* 373 U.S. 83 (1963), *United States v. Agurs,* 427 U.S. 97 (1976), *United States v. Bagley,* 473 U.S. 667 (1985) and *United States v. Giglio,* 405 U.S. 150 (1972) and Federal Rule of Criminal Procedure 16, respectfully moves this Honorable Court to enter an order requiring the government to disclose and provide any materials, evidence or information that is materially favorable or provides a substantial basis for believing it is favorable, either as direct or impeaching evidence on the issue of guilt or punishment and order that the government be required to disclose this *Brady* evidence at least sixty (60) days before trial.

## MEMORANDUM OF LAW

      The United States Attorney is "the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88 (1935). "This special status explains … the basis for the prosecution's broad duty of disclosure … ." *Strickler v. Green,* 527 U.S. 263, 281 (1999).

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). This includes impeachment and exculpatory evidence. *Youngblood v. West Virginia,* 547 U.S. 867, 869 (2006). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police." *Kyles v. Whitley,* 514 U.S. 419, 437 (1995). The prosecution must establish procedures to ensure that all favorable evidence known to any government agent is disclosed. *Id.* at 438. "In the State's favor it may be said that no one doubts that police investigators sometimes fail to inform a prosecution of all they know. But neither is there any serious doubt that 'procedures and regulation can be established to carry (the prosecutor's) burden and to ensure communication of all relevant information on each case to every lawyer who deals with it.' " *Id.* at 438, quoting *Giglio v. U.S.*, 405 U.S. 150, 154 (1972).

This motion is not intended to suggest that the prosecution is unaware or would deliberately ignore its *Brady* obligation. However, particularly in a large case like this, the potential for inadvertent failures to disclose exists. For example, in *United States v. Ignasiak*, 667 F.3d 1217 (11th Cir. 2012), the prosecutor, after trial, filed a notice that the government's expert had used a counterfeit badge and United States Marshal credentials to carry firearms on airplanes, and had entered a pre-trial diversion agreement with another United States Attorney's office. The *Ignasiak* prosecutor apparently did not know about the expert's conduct or the diversion agreement. The Eleventh Circuit reversed the conviction on other grounds and stated, '[t]o say that the defense would have preferred to use this information to discredit [the expert's] testimony is almost certainly an understatement." *Id.* at 1238.

Specifically, the defense is requesting the Court order the United States to produce the following:

1. Personnel files of all federal agents, and the files of any local, state or municipal law enforcement officer who will testify;

2. Information, including case numbers and dates of police and court action, concerning any arrest or prosecutions, criminal or forfeiture proceedings, occurring or pending against any government witness at any time between the date of the offense and/or the date of the events about which the witness has knowledge and the date the witness testifies at trial;

3. Information concerning probation, parole or custodial status of any government witness existing at any time between the date of the offense and/or the date of the events about which the witness has knowledge and the date the witness the testifies at trial;

4. The records of arrests convictions, adjudications, commitments, and/or guilty verdicts in criminal and/or child in need of supervision, delinquency and/or civil commitment proceedings against any government witness in any jurisdiction;

5. The N.C.I.C record sheets and/or FBI "rap sheets," if any, of any government witness.

6. Information concerning any agreement between any government witness and any local, state or federal agency made in connection with this case or any other investigation or case;

7. Information concerning all grants of immunity, whether statutory or informal, to any government witness in connection with this case or any other investigation or case;

8. Specification of all requests for statutory or informal immunity made by or on behalf of any government witness by any local, state or federal agency;

9. Information concerning any promise made to, or threat made against, any government witness by any local, state or federal agency in connection with this case or any other case;

10. Information that any government witness is, or had been, an informant for any local, state or federal agency in connection with this case or any other case, and the written and/or oral agreements regarding the same;

11. Disclosure of the names, addresses, and dates of birth of all undisclosed informants possessing material information about the events and/or witnesses in this case, and/or possessing information tending to negate the accused's alleged guilt or tending to mitigate her complicity;

12. Specification of all monetary considerations and/or payments discussed, offered, given, or made by any local, state or federal agency, or by any private person, organization or other entity, including the Crime Stoppers program, to any government witness, for information provided in connection with this case or any other case;

13. All information relating to bail, deferred prosecution, non-prosecution, plea reduction, sentencing, allocation, and/or immunity agreements with any government witness including but not limited to written agreements, oral

agreements, identity and notes of persons who were present when agreements were discussed, formulated, modified or executed, testimony concerning agreements and understanding of agreements, records and/or recordings of conversations concerning agreements, and records of payment of fees, expenses or payments for any reason pursuant to plea agreement;

14. Information concerning any ill-will, bad feeling, or animosity on the part of any government witness towards the defendant that preceded her arrest or indictment in this case, whether or not expressed prior to arrest or indictment;

15. Information concerning all business, familial, and/or personal relationships, contacts, or communications between any local, state or federal agents involved in this case, including law enforcement investigators and prosecutors, and government witness which existed or occurred prior to the date of the offense or event about which the witness has knowledge and/or which occurred on or after said date(s), if such relationship, contact or communication was not pertaining to the subject of this prosecution;

16. Information concerning all prior testimony or statements made by any government witness in connection with this case or any other local, state, or federal criminal prosecution which the witness has acknowledged to be, or which the United States has reason to believe, are false;

17. All prior testimony and/or sworn statement of any government witness, whether such testimony or sworn statement pertains to this case or to some other matter;

18. Information that any government witness is or has been addicted to, or is and has been a frequent habitual, or chronic user of, any medications, controlled substance or alcohol;

19. Information that any government witness had used, or was under the influence of, any medication, controlled substance or alcohol at the time of any event relevant to this case or at the time any witness provided and/or provides information or testimony of any kind in connections with this case or in related cases;

20. All memorandum of interviews for any government witness.

The above list is not meant to be exclusive.

Without question, the evidence in this case is voluminous. As such, the defense submits that the government should provide *Brady* material at least 60 days before trial so that Ms. Brown has enough time to analyze and use it. Plainly, if the government has evidence favorable to the defense, then simple fairness calls for early – if not immediate – disclosure. The complexity of the instant case and the absence of prejudice to the government warrant the early production of the requested evidence.

**WHEREFORE**, Katrina Brown requests this Honorable Court require the government to disclose all materials, information and evidence it has that is materially favorable to the defendant's guilt or punishment, or which provides a substantial basis for believing that it is material to the defense, and that the disclosure be made at least sixty (60) days before trial.

Dated this 19th day of October 2018.

                                        Respectfully submitted,

                                        **GALNOR SHUMARD, P.A.**

                                        */s/ Darcy Galnor*
                                        Darcy Galnor
                                        Florida Bar Number: 0908681
                                        Galnor Shumard, P.A.
                                        121 West Forsyth Street, Suite 610
                                        Jacksonville, Florida 32202
                                        Telephone: (904)337-0900
                                        darcy@galnorshumard.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic filing to Assistant United States Attorney, Tysen Duva, on this 19th day of October, 2018.

>	/s/ Darcy Galnor
>	Darcy Galnor
>	Florida Bar Number: 0908681
>	Galnor Shumard, P.A.
>	121 West Forsyth Street, Suite 610
>	Jacksonville, Florida 32202
>	Telephone: (904)337-0900
>	darcy@galnorshumard.com