UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                                            CASE NO: 3:18-cr-00089-MMH-JRK

**KATRINA BROWN,**
      **Defendant**
_____/

## MOTION TO SEVER DEFENDANTS

The Defendant, Katrina Brown, by and through the undersigned attorney, and pursuant to Federal Rule of Criminal Procedure 14 (Relief from Prejudicial Joinder) and the Fifth and Sixth Amendments of the U.S. Constitution, moves this Honorable Court to separate trial from her co-defendant, Reginald Brown, because a joint trial will prejudice Katrina Brown's right to a fair trial.

On May 23, 2018, a grand jury returned a 38-count indictment charging Katrina Brown and Reginald Brown as follows:

1. Count One charges both with Conspiracy to Commit Mail and Wire Fraud.
2. Counts Two through 14 charge both with Mail Fraud.
3. Counts 15 through 27 charge both with Wire Fraud.
4. Counts 28 through 33 charge both with Money Laundering.
5. Counts 34 and 35 charge Katrina Brown with Attempted Bank Fraud.
6. Counts 36 and 37 charge Katrina Brown with False Statement to a Federally Insured Institution.
7. Count 38 charges Reginald Brown with Failure to File Form 1040 Return.

**MEMORANDUM OF LAW**

Severance of joined defendants is authorized by Rule 14 of the Federal Rules of Criminal Procedure, which states:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for *in camera* inspection any defendant's statement that the government intends to use as evidence.

Rule 14 requires severance if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States,* 506 U.S. 534, 539 (1993). Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if defendant were tried alone is admitted against a codefendant. *Id.*

Katrina Brown fears the United States could offer into evidence a statement or statements, pursuant to Federal Rule of Evidence 801, that, were the two defendants tried together, would violate Katrina Brown's Sixth Amendment right to confront the witnesses against her. Ms. Brown further fears no curative instruction would be effective under those circumstances.

Further, Katrina Brown and Reginald Brown's defenses are irreconcilable. Based upon Reginald Brown's Motion to Sever Trial of Reginald Brown From the Trial of Katrina Brown (Doc. 59), it is apparent that Reginald Brown will present a defense that will shift blame to Katrina

Brown in an attempt to absolve himself of wrongdoing. "As to Reginald Brown, the United States appears to simply hope its widely cast net ensnares people like him who associated with Katrina Brown and who, perhaps naively, relied on her purported business acumen." *See* Doc. 59, paragraph 6. "The defense in this case is if Katrina Brown committed any crimes as charged in this Indictment, Reginald Brown did not know it and did not knowingly participate in those crimes." *See* Doc. 59 at page 5. Reginald Brown's defense makes it impossible for Katrina Brown to receive a fair trial. If the two are tried together, Katrina Brown would be prejudiced because if the jury concludes that Reginald Brown is guilty, it will perforce find Katrina Brown guilty without independently evaluating the evidence against her. Conversely, if a jury found Reginald Brown not guilty, the jury would be inclined to find Katrina Brown guilty after hearing the now-acquitted Reginald Brown blaming Katrina Brown.

Katrina Brown submits that individually each of these grounds is sufficient to grant the severance. However, even if they are not individually sufficient, if severance is denied, their cumulative effect would prevent Katrina Brown from receiving a fair trial. *See United States v. Baker*, 432 F.3d 1189, 1223-24 (11th Cir. 2005) (discussing the cumulative error doctrine).

**WHEREFORE**, Katrina Brown, respectfully requests that this Honorable Court sever Katrina Brown's trial from Reginald Brown's trial.

>Respectfully submitted,
>
>**GALNOR SHUMARD, P.A.**
>
>*/s/ Darcy Galnor*
>Darcy Galnor
>Florida Bar Number: 0908681
>Galnor Shumard, P.A.
>121 West Forsyth Street, Suite 610
>Jacksonville, Florida 32202
>Telephone: (904)337-0900
>darcy@galnorshumard.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic filing to Assistant United States Attorney, Tysen Duva, on this 19th day of October, 2018.

/s/ *Darcy Galnor*
Darcy Galnor
Florida Bar Number: 0908681
Galnor Shumard, P.A.
121 West Forsyth Street, Suite 610
Jacksonville, Florida 32202
Telephone: (904)337-0900
darcy@galnorshumard.com