**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                             CASE NO.: 3:18-cr-00089-MMH-JRK

**KATRINA BROWN,**
    **Defendant**

_____/

**MOTION TO DISMISS COUNTS**
**FIFTEEN THROUGH THIRTY-THREE**

    The Defendant, Katrina Brown, by and through her undersigned counsel, pursuant to Rule 12(b)(ii) of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to dismiss the above counts or, in the alternative, require the government to elect between them, as they are multiplicitous.

    Both Katrina Brown and Reginald Brown are charged with others, known and unknown, with conspiring to commit Mail and Wire Fraud in violation of 18 U.S.C. §1349. The government alleges dozens of overt acts were committed in furtherance of the conspiracy over the relevant time period. (Doc.1). Both Katrina Brown and Reginald Brown are named in 13 individual Mail Fraud counts in violation of 18 U.S.C. §1341 and 2. *Id.* at Counts Two-14. Similarly, both are charged in 13 counts of Wire Fraud in violation of 18 U.S.C. §1343 and 2. *Id.* at Counts 15-27. Counts 28 through 33 charge Money Laundering offenses in violation of 18 U.S.C. §1957 and 2. Katrina Brown is charged individually with Attempted Bank Fraud in Counts 34 and 35. Ms. Brown is also charged individually with False Statements to a Federally Insured Institution in Counts 36 and 37. Reginald Brown is charged with a Failure to File a 1040 Tax Return in Count 38, in violation of 26 U.S.C. § 7203.

**MEMORANDUM OF LAW**

Counts 15 through 33 of the Indictment are multiplicitous in violation of Federal Rule of Criminal Procedure 12(b)(ii). "Multiplicity is the charging of a single offense in more than one count. When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes – not one." *U.S. v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). In determining whether an indictment is multiplicitous, this Court must "first determine the available unit of prosecution." *Id.* Next, pursuant to *Blockburger v. U.S.*, 284 U.S. 299 (1932), "the relevant test for determining whether two counts of an indictment are multiplicitous is, where the same act or transaction constitute a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each count requires proof of a fact which the other does not." *U.S. v. Brown*, 503 F. Supp. 2d 217, 220 (D.D.C. 2007). Congressional intent controls the allowable unit of prosecution. *Bell v. U.S.*, 349 U.S. 81, 82 (1955). When any doubt exists as to Congressional intent, the rule of lenity requires the issue be resolved in Ms. Brown's favor. *Id.* at 83.

This Honorable Court should dismiss Counts 15 through 33 or, in the alternative, require the government to elect between them, as they do not require proof of any fact separate and distinct from the facts underlying those counts. In essence, should the Court deny this Motion, Ms. Brown will be punished twice for the same criminal conduct with respect to each alleged, individual false invoice – the resulting wiring of funds between financial institutions, and the later depositing of funds into accounts allegedly controlled by Reginald Brown. Ms. Brown argues the allowable unit of prosecution should be the overall, alleged scheme to defraud BizCapital. Further, Ms. Brown agrees

with Reginald Brown's contention (Doc. 60) the *Blockburger* analysis of multiplicity is inconsistent with *Langford*, and that *Langford*'s holding should not be limited to the securities-fraud context.

**WHEREFORE**, the Defendant, Katrina Brown, respectfully requests this Honorable Court dismiss Counts 15 through 33 of the Indictment.

Dated this 19th day of October, 2018.

Respectfully submitted,

**GALNOR SHUMARD, P.A.**

*/s/ Darcy Galnor*
Darcy Galnor
Florida Bar Number: 0908681
Galnor Shumard, P.A.
121 West Forsyth Street, Suite 610
Jacksonville, Florida 32202
Telephone: (904)337-0900
darcy@galnorshumard.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic filing to Assistant United States Attorney, Tysen Duva, on this 19th day of October, 2018.

/s/ *Darcy Galnor*
Darcy Galnor
Florida Bar Number: 0908681
Galnor Shumard, P.A.
121 West Forsyth Street, Suite 610
Jacksonville, Florida 32202
Telephone: (904)337-0900
darcy@galnorshumard.com