UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:18-cr-89-J-34JRK

KATRINA BROWN
REGINALD BROWN
_____/

**UNITED STATES' MEMORANDUM OPPOSING DEFENDANT KATRINA BROWN'S MOTION TO COMPEL *BRADY* MATERIALS AND EVIDENCE**

The United States of America opposes Defendant Katrina Brown's Motion to Compel *Brady* Materials and Evidence (Doc. 61). The defendant's motion is moot in as much as this Court already has ordered that the United States produce so-called *Brady* materials (*see* Doc. 45) and the United States already has complied. To the extent that the defendant's motion seeks discovery above and beyond that which is required by the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963), and *United States v. Giglio,* 405 U.S. 150 (1972) (and related cases), the motion is not supported by the law and should be denied.

**I.    The Motion Should Be Denied as Moot Because It Is Duplicative of the Scheduling Order, with which the United States Has Already Complied**

The motion to compel largely is moot because the Court has already ordered produced, and the United States has already provided, the material to which the defendants are entitled. On June 25, 2018, Katrina Brown was arraigned and served notice of her acceptance of general discovery (Doc. 42) pursuant to the Court's

Standing Order Pertaining to Discovery.   In turn, the Court issued its Standing Order Pertaining to Discovery (Doc. 45) that directed the United States to produce (or make available for inspection and copying) various classes of materials by particular deadlines, including "all information and material known to the Government which may be favorable to the defendant(s) on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963)."

On the day of the arraignment, the United States notified counsel for the defendants in writing that discovery was available and invited them to provide a portable hard drive to the U.S. Attorney's Office to facilitate copying the large volume of material (at that time, over 25,000 pages of documents).   They did so and those documents (which included, among other things, all relevant FBI 302 reports of interviews) were produced.   After that initial production, on July 26, 2018, the United States took the unusual step of producing to defense counsel all grand jury transcripts and exhibits – more than six months before trial.   To date, the government has essentially provided "open file" discovery to the defendants.[1]

In other words, the Court has already ordered the United States to fulfill its legal obligations to produce discovery (as required by the Federal Rules, *Brady*, *Giglio*, *etc.*), and the United States has complied and will continue to comply.   Under

---

[1] It is conceivable that, as preparations for trial proceed and additional witnesses are identified and interviewed, the United States may learn of additional materials that are subject to discovery.   Such materials will be produced in due course.

such circumstances, Katrina Brown's motion to compel should be denied as moot.

## II. The Court Should Also Deny the Motion to the Extent It Seeks Extraordinary Relief that Is Not Grounded in the Law

In multiple respects, the motion to compel seeks relief to which the defendants are not entitled. For example, the motion seeks an order directing the United States to produce the "[p]ersonnel files of all federal agents, and the files of any local, state or municipal law enforcement officer who will testify" in the case. Mot. at 3. While, theoretically, there could be circumstances under which a defendant would be entitled to inspect and copy a law enforcement personnel file, the defendant cites no authority (and the United States is aware of no authority) that requires the production of such files – irrespective of the files' contents.

Similarly, the motion seeks the production of "[a]ll prior testimony and/or sworn statement of any government witness, whether such testimony or sworn statement pertains to this case or to some other matter." Once again, the motion cites no authority (and the United States is aware of no authority) that would compel the production of transcripts or sworn statements regarding "*some other matter*" that are not relevant to this case.

In addition, the motion would have the United States produce not only evidence "materially favorable to the defendant's guilt or punishment" (the applicable *Brady* standard), but also evidence "which provides a substantial basis for believing that it is material to the defense." Mot. at 6. This latter, more expansive

3

language is apparently derived from *United States v. Agurs*, 427 U.S. 97 (1976). The Supreme Court in *Agurs*, however, did not find a constitutional mandate requiring the production of requested evidence if there was only a "substantial basis" to believe that it may be material to the defense. Rather the Court suggested, *in dicta*, that it likely would be error to ignore the request for production and would be "reasonable" for prosecutors to either produce such evidence or seek guidance from the trial judge. *Id.* at 106.

In this case (as always), where is a significant question regarding the materiality of evidence, the United States will follow the prudent guidance in *Agurs* and either produce the evidence to the defense or seek guidance from the Court. The *Agurs* decision, however, does not require the kneejerk production of evidence to defense (as requested by the motion to compel) if it is not material under *Brady*.

Finally, the motion seeks to compel the production of *Brady* material "at least 60 days before trial." This Court has already ordered the production of *Brady* material at least five working days before trial (*see* Doc. 45) and the law only requires production sufficiently in advance of trial to "be effectively used." *United States v. Bueno-Sierra*, 99 F.3d 375, 379-80 (11th Cir. 1996) (*per curiam*) (concluding there was no *Brady* error where evidence was produced mid-trial and the court afforded the defense an early recess that day and an additional opportunity to cross-examine the relevant witness). The motion to compel here vaguely references the "complexity of the instant case," but does not otherwise explain why Katrina Brown would be

4

denied a fair trial if all *Brady* material was not produced an arbitrary 60 days before trial. There is no legal basis for supporting this request.

## CONCLUSION

The United States respectfully requests that the Court deny the Motion to Compel *Brady* Materials and Evidence. The prosecution team is aware of its legal obligations to produce evidence and information that is materially favorable to the defense, has done so, and will continue to do so.

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Michael J. Coolican*
Tysen Duva
Assistant United States Attorney
Florida Bar No. 0603511
Michael J. Coolican
Assistant United States Attorney
USAO No. 156
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: Tysen.Duva@usdoj.gov
Michael.Coolican@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Darcy D. Galnor, Esq.
Counsel for Katrina Brown

Thomas M. Bell, Esq.
Counsel for Reginald Brown

*/s/ Michael J. Coolican*
Michael J. Coolican
Assistant United States Attorney