UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:18-cr-89-J-34JRK

KATRINA BROWN
REGINALD BROWN
_____/

**UNITED STATES' MEMORANDUM OPPOSING DEFENDANT KATRINA BROWN'S MOTION TO PRODUCE HANDWRITTEN NOTES/ROUGH NOTES, WRITTEN STATEMENTS, AND RECORDINGS**

The United States of America opposes Defendant Katrina Brown's Motion to Produce Handwritten Notes/Rough Notes, Written Statements, and Recordings (Doc. 62). Acknowledging that materials such as handwritten interview notes generally are not subject to discovery, the defendant's motion essentially argues that the production of these materials can't hurt, so the Court should require it. This is an invitation to legal error that the Court should decline.

**Interview Notes**

In support of her request for an order compelling the production of handwritten interview notes prepared by government agents, the defendant cites Federal Rules Criminal Procedure 16 and 26.2, and the Jencks Act, 18 U.S.C. §3500. These provisions do not support her request.

With certain exceptions not relevant here, Rule 16(a)(2) *specifically exempts* from disclosure "reports, memoranda, or other internal government documents made by [a]. . . government agent in connection with investigating or prosecuting the

case." Fed. R. Crim. P. 16(a)(2); *see also United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003) (discussing the role Fed. R. Crim. P. 16(a)(2) in criminal discovery). Accordingly, Rule 16 does not provide a basis for the compelled disclosure of an agent's raw notes.

Neither does the Jencks Act, 18 U.S.C. §3500 (the substance of which was incorporated into Fed. R. Crim. P. 26.2). Under the Jencks Act, the prosecution is obligated to produce the "statement" of a government witness following the witness's direct examination. But a motion seeking the production of Jencks Act material "is appropriate only after the witness has testified at trial." *United States v. Gatto*, 533 F.2d 264, 265 (5th Cir. 1976) (*per curiam*). "Denial of a pre-trial motion for discovery does not constitute a Jencks Act violation." *Id.* (affirming denial of motion for pre-trial disclosure of Jencks Act material).

Moreover, as the defendant acknowledges, an agent's interview notes generally do not constitute a Jencks Act "statement" that is subject to disclosure. *See* Mot. at 2. "Statement" is a term of art, which, as applied here, is limited to either (i) "a written statement made by said witness and signed or otherwise adopted or approved by him;" or (ii) "a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e).

It is clear that an interviewer's rough notes regarding an encounter with a

2

potential witness does not meet this definition, and the defendant offers no explanation how it possibly could. Tellingly, the defendant does not allege the existence of any agent's rough interview notes (and the prosecution is not aware of any such notes) that have been "signed or otherwise adopted" by the interviewer or interviewee as their own statement; or rough notes that amount to a "verbatim" recitation of what was said during any interview. Rather, following the interviews of likely witnesses, agents in this case followed the typical practice of memorializing these interviews in formal reports, which have already been produced in discovery to the defendants.[1]

Even when agents use interview notes to prepare such reports, this practice does not transform those notes into Jencks Act statements. *United States v. Soto*, 711 F.2d 1558, 1562 (11th Cir. 1983). In an interlocutory appeal, applying the Jencks Act's definition of the term "statement," the Eleventh Circuit in *Soto* vacated a district court order requiring the United States to produce rough notes or drafts of agent reports. *Id.* The court ruled that the direct court erred in concluding that interview notes were Jencks Act statements if an agent used them to refresh his recollection or to prepare a report memorializing an interview. *Id.*

---

[1] Even if a given set of rough interview notes happened to contain a verbatim phrase or two used by a witness, that would not make the notes a Jencks Act statement. *See United States v. Loyd*, 743 F.2d 1555, 1567 (11th Cir. 1984) ("investigators' notes of interviews do not fall under the Jencks Act even if they contain 'occasional verbatim recitations of phrases used by the person interviewed' ") quoting *United States v. Hodges*, 556 F.2d 336, 368 (5th Cir. 1977)).

3

Notably, the *Soto* decision referenced with approval the Ninth Circuit's holding in *United States v. Kaiser*, which ruled that an agent's handwritten rough draft of an investigation interview was not deemed to be Jencks Act material because "it was neither intended as a final statement nor as simply a contemporaneously factual account of what a witness said ... [and] was, therefore not adopted or approved by the agent."   660 F.2d 724, 732 (9th Cir. 1981), *cert. denied*, 455 U.S. 956 (1982).

Notwithstanding such decisions, the defendant argues that the agent rough notes should be produced (or perhaps turned over to the Court for inspection) because "[i]t is difficult to imagine the government . . . suffer[ing] any real prejudice" as a result.   That is entirely beside the point.   While afforded significant discovery, criminal defendants do not have "the unsupervised right to search through the government's files," or the right to have "the prosecution to deliver its entire file to the defense."   *Jordan*, 316 F.3d at 1251 (punctuation and citations omitted). Ultimately, this defendant is seeking exceptional relief that the law of the Circuit does not provide for, and that the Court does not grant to other defendants.   Katrina Brown fails to explain why her case is different or worthy of special treatment.

In sum, neither Rule 16 nor the Jencks Act supports the defendant's motion to compel the production of handwritten interview notes.   As such, to the extent the motion seeks such handwritten notes, it should be denied.

### Written Witness Statements and Recordings of Witness Interviews

In addition to handwritten notes, the defendant's motion also seeks the early production of statements prepared by witnesses and any recordings of witness interviews. At this juncture, months before trial, the decision of precisely which witnesses will be called to testify has not been made. Nevertheless, although under no obligation to do so, the United States has already produced the Jencks Act statements of likely witnesses, including certain reports, correspondence, and grand jury transcripts and exhibits. As any additional likely witnesses are identified, the United States will supplement its prior production with any FBI Form 302s documenting an interview. As to recorded interviews, the United States possesses no such recordings of likely trial witnesses.

In view of the foregoing, the defendant's motion – to the extent it seeks witnesses' written or recorded statements – should be denied as moot.

## CONCLUSION

To the extent that the defendant's motion seeks the production of handwritten or raw interview notes, the United States respectfully requests that the motion be denied as without legal support. To the extent that the motion seeks witness statements or recordings of interviews, the motion should be denied as moot.

.

                          MARIA CHAPA LOPEZ
                          United States Attorney

By:   */s/ Michael J. Coolican*
       Tysen Duva
       Assistant United States Attorney
       Florida Bar No. 0603511
       Michael J. Coolican
       Assistant United States Attorney
       USAO No. 156
       300 North Hogan Street, Suite 700
       Jacksonville, Florida   32202-4270
       Telephone:   (904) 301-6300
       Facsimile:   (904) 301-6310
       E-mail: Tysen.Duva@usdoj.gov
               Michael.Coolican@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Darcy D. Galnor, Esq.
    Counsel for defendant Katrina Brown

    Thomas M. Bell, Esq.
    Counsel for defendant Reginald Brown

                                                      */s/ Michael J. Coolican*
                                                      Michael J. Coolican
                                                      Assistant United States Attorney