**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                     **Case No. 3:18-cr-89-J-34JRK**

**KATRINA BROWN**

_____

**O R D E R**

This cause is before the Court on Defendant Katrina Brown's Motion to Produce Handwritten Notes/Rough Notes, Written Statements and Recordings (Doc. No. 62; "Motion"), filed October 19, 2018. The Government opposes the Motion. See United States' Memorandum Opposing Defendant Katrina Brown's Motion to Produce Handwritten Notes/Rough Notes, Written Statements, and Recordings (Doc. No. 77; "Response"), filed November 2, 2018.

In her Motion, Defendant seeks the production of two categories of statements: (1) handwritten notes prepared by Government agents; and (2) written statements and any recordings of witness interviews. Motion at 1, 2-3. Defendant also requests early production of Jencks material. Id. at 2.

As to the second category, written statements and recorded statements of witnesses, the Government does not dispute whether these statements meet the definition of Jencks material. See Response at 5. The Government, however, represents that it "possesses no such recordings of likely trial witnesses." Id. Moreover, the Government represents that it "has already produced the Jencks Act statements of likely witnesses, including certain reports, correspondence, and grand jury transcripts and exhibits." Id. The Government also

recognizes that "months before trial, the decision of precisely which witnesses will be called to testify has not been made." Id.

As to the first category, the handwritten interview notes of Government agents, the Government points out (and Defendant does not dispute) that such notes "generally do not constitute a Jencks Act 'statement' that is subject to disclosure. Id. at 2; see Motion at 2. At this point, there has been no showing that rough notes exist, or if they do exist, that they meet the definition of a Jencks Act statement. To the extent, however, that agent rough notes or agent interview notes of Government witnesses now exist or are later made, they shall be preserved in the event review of the notes by the Court becomes necessary in the future.

As to the early production of Jencks material, the Government and Defendant agreed at the arraignment to produce Jencks material forty-eight (48) hours in advance of a witness testifying. See Minute Entry (Doc. No. 40). Moreover, as stated above, to the extent the Government has identified likely witnesses who will testify at trial, the Government states it already has turned over the Jencks material.

Based on the foregoing, it is

**ORDERED:**

1.      Defendant Katrina Brown's Motion to Produce Handwritten Notes/Rough Notes, Written Statements and Recordings (Doc. No. 62) is **DENIED**, except to the extent that the parties have agreed to produce Jencks material forty-eight (48) hours prior to a witness testifying.

2.      To the extent that agent rough notes or agent interview notes of Government witnesses now exist or are later made, they shall be preserved in the event review of the notes by the Court becomes necessary in the future.

**DONE AND ORDERED** at Jacksonville, Florida, on December 3, 2018.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Assistant U.S. Attorneys (Duva/Coolican)
Darcy D. Galnor, Esquire