**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:18-cr-89-J-34JRK

KATRINA BROWN

## O R D E R

This cause came before the Court on January 3, 2019 for a hearing on the Motion to Withdraw (Doc. No. 82; "Motion"), filed by Defendant's counsel on December 21, 2018. Defendant's counsel seeks to withdraw "[b]ecause of compelling circumstances as described in Local Rule 2.03(c) and the development of irreconcilable differences between [counsel] and Ms. Brown." Motion at 1. The Motion represents that the Government opposes the relief requested. Id. at 2. During the hearing, the Government's position was that the Court should inquire as to the reasons for the requested withdrawal and make a determination regarding whether the reasons amount to the requisite good cause.

Title 18, United States Code, Section 3006A provides that the financially indigent shall have a right to court-appointed counsel when, inter alia, the defendant "is entitled to appointment of counsel under the sixth amendment to the Constitution," or "faces loss of liberty in a case, and Federal law requires the appointment of counsel." 18 U.S.C. § 3006A(a)(1)(h)-(i). Section 3006A also provides that, "in the interests of justice, [the court may] substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). The United States Court of Appeals for the Eleventh Circuit has instructed that "[w]here the accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction." Thomas v. Wainwright, 767 F.2d 738, 741 (11th Cir.

1985) (internal citations omitted).  Although "[a]n indigent criminal defendant has an absolute right to be represented by counsel, . . . [s]he does not have a right to have a particular lawyer represent h[er]." Id. at 742 (citing Morris v. Slappy, 461 U.S. 1 (1983)); see also United States v. McCutcheon, 86 F.3d 187, 189 (11th Cir. 1996) (stating that "[w]e have consistently held that while the right to counsel is absolute, there is no absolute right to counsel of one's own choice") (internal citations omitted).  Likewise, a defendant cannot "demand a different appointed lawyer except for good cause." Thomas, 767 F.2d at 742 (citing United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973)).

During the hearing, the Court heard from the Government, Defendant's counsel, and Defendant.[1]  For all of the reasons stated on the record during the hearing, the Court finds good cause to grant the Motion and substitute another lawyer to represent Defendant. Accordingly, and in the interests of justice, it is

**ORDERED:**

1. The Motion to Withdraw (Doc. No. 82) is **GRANTED**.

2. Darcy D. Galnor, Esquire is relieved of any further responsibility in this case, with the exception of those duties required to properly transition the case to new counsel.

3. Richard J. Landes, Esquire is appointed to represent Defendant in all further proceedings.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

[1] Because the attorney-client privilege was implicated, and without objection, the Court heard from Defendant's counsel and Defendant in camera and ex parte.

kaw
Copies to:
Asst. United States Attorneys (Duva/Coolican)
Darcy D. Galnor, Esquire
Richard J. Landes, Esquire
United States Pretrial Services
United States Marshals Service