**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-89-J-34JRK

KATRINA BROWN

## O R D E R

**THIS CAUSE** is before the Court on various motions filed by Defendant Katrina Brown. See Pro Se Defendant's Motion for Reconsideration (Doc. 195; Motion for Reconsideration), filed on August 16, 2019; Pro Se Defendant's Motion to Dismiss Indictment (Doc. 199; Motion to Dismiss), filed on August 21, 2019; Pro Se Defendant's Motion in Limine to Exclude Person C and Person D of the indictment from Government Witness List and Strike Surplusage from the Indictment (Doc. 200; Motion in Limine re: Persons C and D), filed on August 21, 2019; Pro Se Defendant's Motion to Dismiss Indictment/Brady Violations (Doc. 204; Brady Motion), filed on August 21, 2019; Pro Se Defendant's Motion to Limine to Exclude IRS Agent Craig Castiglia Testimony (Doc. 205; Motion in Limine re: IRS Agent), filed on August 21, 2019. The government filed two responses addressing these motions and others on August 29, 2019. See United States' Omnibus Memorandum in Opposition to Defendant Katrina Brown's Motions to Dismiss, for a Bill of Particulars, and for Appointment of Second Expert Forensic Accountant, and Proposed Voir Dire Examination Questions (Doc. 221; Omnibus Memorandum); United States' Omnibus Response to Katrina Brown's Listed Motions (Doc. 223; Omnibus

Response). Thus, the instant motions are ripe for review, and the Court will address each in turn.[1]

## **Motion for Reconsideration (Doc. 195)**

Katrina Brown's decision to represent herself prompted Reginald Brown to file a motion to sever on the grounds that he would be prejudiced at trial by her pro se status. See Second Motion to Sever the Trial of Reginald Brown from the Trial of Katrina Brown and Memorandum of Law (Doc. 173), filed on August 5, 2019. The Court denied the motion at a hearing held on August 6, 2019. In doing so, the Court identified precautionary measures it could take to prevent prejudice caused by Katrina Brown's pro se status. See United States v. Veteto, 701 F.2d 136, 139 (11th Cir. 1983); United States v. Knowles, 66 F.3d 1146, 1160 (11th Cir. 1995); United States v. Brown, 227 F. App'x 795, 799-800 (11th Cir. 2007). One such precaution was to instruct Katrina Brown that in her opening statement and in her summation she must avoid reference to Reginald Brown without prior permission from the Court. Id. It is this potential instruction that Katrina Brown now asks the Court to reconsider. Specifically, Katrina Brown asserts that such a limitation on her ability to talk about or ask questions of her co-conspirator violates her Sixth Amendment rights. See Motion for Reconsideration at 1. She further argues that "[a] real attorney defending Katrina Brown would not be sanctioned with the limitation to seek **advance** approval of any questions or statements regarding co-defendant Reggie Brown." Id.

---

[1] The Court laid out the procedural history of this case in its Order denying Defendants' renewed motions to sever and will not repeat it here. See September 5, 2010 Order (Doc. 237).

Upon review, the Motion for Reconsideration is **GRANTED** to the extent the Court clarifies that Katrina Brown need not obtain the Court's permission before speaking about her co-defendant during the trial. However, when acting as counsel, Katrina Brown cannot suggest that she has firsthand knowledge regarding the events alleged in the Indictment or Reginald Brown's knowledge of or participation in the alleged conspiracy. Evidence of Reginald Brown's knowledge, or lack thereof, may only be introduced through witness testimony, not argument to the jury.

## Motion to Dismiss (Doc. 199)

Katrina Brown seeks to dismiss the Indictment based upon the government's presentation of hearsay testimony and unauthenticated documents to the grand jury. However, the Supreme Court has made clear that "the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . ." United States v. Calandra, 414 U.S. 338, 344-45 (1974) (citation omitted). In fact, "[t]he Federal Rules of Evidence do not apply to grand jury proceedings." United States v. Trainor, 376 F.3d 1325, 1332 n.5 (11th Cir. 2004). See also Fed. R. Evid. 1101(d) ("These rules—except for those on privilege—do not apply to . . . grand-jury proceedings[.]"). Accordingly, because there is nothing in the record before the Court to suggest that the Indictment is not facially valid, the Motion to Dismiss is **DENIED**.

### Motion in Limine re: Persons C and D (Doc. 200)

The Indictment alleges that, similar to her alleged conspiracy with Reginald Brown, Katrina Brown also conspired with "Person C" and "Person D" "for those individuals to receive SBA loan funds for services, products, and work that Person C and Person D did not perform or provide. Once Person C and Person D received payment, the checks were cashed, and a significant portion of the cash was provided to Katrina Brown." See Indictment at 15-16. Katrina Brown seeks an order prohibiting Person C and Person D from testifying at trial, arguing, in conclusory fashion, that their testimony is irrelevant.[2] Based on the allegations of the Indictment, however, it appears that Persons C and D would possess knowledge that is relevant to prove alleged overt acts in furtherance of a conspiracy. See id. at 18-20. Katrina Brown has failed to argue why their testimony regarding these overt acts would not be probative and further has made no showing that the probative value of such evidence is substantially outweighed by undue prejudice pursuant to Rule 403, Federal Rules of Evidence. As such, the Motion in Limine re: Persons C and D is **DENIED without prejudice** to Katrina Brown raising appropriate objections to specific questions at trial.

### Brady Motion (Doc. 204)

Next, Katrina Brown requests that the Court "dismiss this case for egregious prosecutorial misconduct." See Brady Motion at 1. In support, Katrina Brown argues that the government's failure to present exculpatory evidence to the grand jury constitutes

---

[2] Although the title of the Motion in Limine re: Persons C and D also refers to striking surplusage from the Indictment, Katrina Brown does not identify what language she seeks to strike or provide any argument supporting this request for relief. See Motion in Limine re: Persons C and D. As such, the Court will not consider this request.

a violation of Brady v. Maryland, 373 U.S. 83 (1963). It appears that Katrina Brown is referring to evidence submitted to the Assistant United States Attorney by her former counsel during the investigation phase of this case but never presented to the grand jury.

Under Brady and its progeny, the government has a constitutional obligation to disclose exculpatory evidence in its possession to a criminal defendant. See Brady, 373 U.S. at 87. To establish a Brady violation, a defendant must show that: (1) the prosecution possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, a reasonable probability exists that the outcome of the proceedings would have been different. See United States v. Bailey, 123 F.3d 1381, 1397 (11th Cir. 1997). Because Katrina Brown states that her attorney provided the evidence at issue to the government, it has not been improperly withheld by the government. As such, no Brady violation has occurred. Moreover, contrary to Katrina Brown's assertions, the government had no duty to present evidence to the grand jury that was exculpatory or favorable to Katrina Brown. See United States v. Williams, 504 U.S. 36, 51 (1992) ("[R]equiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body."); United States v. Waldon, 363 F.3d 1103, 1109 (11th Cir. 2004) ("The government is under no duty to bring exculpatory evidence to the grand jury's attention." (citing Williams, 504 U.S. at 51-55)). Accordingly, the Brady Motion is **DENIED**.

### Motion to Limine re: IRS Agent (Doc. 205)

Finally, Katrina Brown asks the Court to prohibit IRS Special Agent Craig Castiglia from testifying at trial on the grounds that he submitted hearsay evidence to the grand jury by improperly relying on FBI Form 302 reports. See Motion to Limine re: IRS Agent at 2. Katrina Brown additionally requests that the Court prohibit the government "from using [the FBI Form 302 reports] at trial, including introducing them into evidence, using them to impeach witnesses who were interviewed, or using them to refresh the recollection of witnesses who were interviewed."[3] Id. Because Katrina Brown cites no legal or evidentiary basis to support her request to exclude the entirety of Mr. Castiglia's trial testimony, the Motion in Limine re: IRS Agent is **DENIED without prejudice** to raising appropriate objections at trial. For example, to the extent Katrina Brown believes Mr. Castiglia's testimony will include hearsay, she may raise a hearsay objection at that time. Likewise, to the extent Katrina Brown objects to Mr. Castiglia testifying about information he obtained from reading the FBI Form 302 report, she may raise an appropriate objection when or if he does so at trial.

**DONE AND ORDERED** in Jacksonville, Florida on September 6, 2019.

MARCIA MORALES HOWARD
United States District Judge

---

[3] Katrina Brown also seeks to prevent Mr. Castiglia from presenting the "KJB Specialties Tax chart [because it] is misleading and prejudic [sic] to Defendant Katrina Brown[.]" Id. The Court will address the admissibility of the tax chart in ruling on Katrina Brown's Motion in Limine to Exclude Government From Summary Charts From Presenting Through Testimony and Evidence (Doc. 201).

Lc23

Copies to:

Counsel of Record
Pro Se Defendant