**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   Case No.: 3:18-cr-89-J-34JRK

KATRINA BROWN
_____

**ORDER**

**THIS CAUSE** is before the Court on Defendant Katrina Brown's motion for reconsideration. See Defendant's Motion for Reconsideration for Docket Number 305 (Doc. 308; Motion for Reconsideration), filed on December 5, 2019. In the Motion for Reconsideration, Katrina Brown asks the Court to reconsider the rulings in the Order entered on November 25, 2019, in which the Court denied Defendant Katrina Brown's Motion for Judgement [sic] of Acquittal and Memorandum of Law (Doc. 292) and Defendant Katrina Brown's Motion for New Trial and Memorandum of Law (Doc. 293) (collectively Motions). See Order (Doc. 305). Upon consideration, the Court finds that the Motion for Reconsideration is due to be denied.[1]

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citing United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration

---

[1] Although the Government responded to Katrina Brown's original Motions, it has not yet responded to the Motion for Reconsideration. However, because the Motion for Reconsideration raises no new arguments, no further response is necessary.

- 1 -

filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. See, e.g., United States v. Hammoud, Case No. 8:04-cr-2-T-27MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012); United States v. Sabooni, Case No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Importantly, the purpose of a motion for reconsideration is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" Court's ruling. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985). Finally, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation and quotation omitted).

In her Motion for Reconsideration, Katrina Brown expresses disagreement with the Court's rulings and continues to assert arguments that the Court rejected in its Order.[2] As such, Defendant's Motion for Reconsideration is due to be denied.

Accordingly, it is

**ORDERED:**

Defendant's Motion for Reconsideration for Docket Number 305 (Doc. 308) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on December 23, 2019.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

lc23

Copies to:

Pro Se Defendant
Counsel of Record

---

[2] Katrina Brown questions whether the Court instructed the jury multiple times during trial that what the attorneys say is not evidence. See Motion for Reconsideration at 1. This contention is refuted by the record, as the Court gave this instruction throughout the trial, including immediately before opening and closing statements, as well as in the final instructions to the jury.